*Welch, J.
The judgment sought to be reversed was one affirming a judgment rendered by the Superior Court in special term, in favor of the defendants in error, in their original action brought against the plaintiffs in error.
The action was upon an account for “ middlings ” (horse-feed) sold and delivered. It was set up as ground of defense, and also in support of a counter-claim to recoup for payment previously' made for middlings, that the plaintiffs below had fraudulently given short weight, or fraudulently charged for more middlings than had been delivered. The case was tried to a jury, and, upon the trial, evidence was given tending to show the alleged fraud, as to the middlings for the price of which the suit was brought.
After the evidence had closed, the counsel of defendants (plaintiffs in error) asked the court to charge the jury, that if they found there had been a fraudulent and false weighing, or overcharging of the middlings the price of which was sued for, they might then look to the alleged frauds as to the middlings previously paid for, and allow a reclamation to the extent of the fraud. This request the court refused, but gave substantially the instruction asked, with the qualification, “that fraud must be proven beyond all *576 reasonable doubt, either by positive testimony, or by circumstances-so strong as to exclude other conclusions.”
The only question raised and argued in the case is, whether the-court erred in this refusal and instruction. In other words, whether-a charge of fraud, in a civil action, like a charge of crime, must be proved by evidence excluding all reasonable doubt.
We answer the general question in the negative. Where the-fraud charged is a criminal offense, we have no doubt the rule laid down by the court should apply. It seems to be established law-that, in civil as well as in criminal cases, a party can not be found-guilty of a crime, unless upon proof which-excludes all reasonable-doubt. This is the holding of the court in Lexington Insurance Co. v. Paver, 16 Ohio, 324. The court in that case sustained a similar charge made by the court below, upon the express ground that the fraud charged and attempted to be proven, was a criminal act. Such is not *the case here. I know the counsel argue that the charge to which the instruction applied in this case, wag. that of obtaining money by false pretenses.
But it was not so. The instruction of the court was general, applying as well to the alleged fraud in weighing or overcharging the middlings sued for, as those paid for before. Besides, the fraudulent obtaining of the money, which is the gist of the offense referred to, was not directly charged or put in issue, but was merely inferential. It is not in every case, where, the necessary inference of crime follows the finding of an issue against a party, that it can be said the commission of the crime was put in issue. The perjury of a party might be said to be in issue, in all cases where he is a witness in the cause. If you plead non est factum to an action brought upon your bond, you do not thereby charge the plaintiff with forgery; nor if you plead payment of it, do you thereby charge-him with fraudulently trying to extort the money from you a second time.
Fraud is so multifarious, and involves so many degrees of moral guilt, that it would be unsafe to lay down a general rule requiring-the highest degree of proof in all cases .of its alleged existence. We think the safer and better rule is that established in the case referred to, which is, to require only a preponderance of evidence, unless in cases where fraud amounting to a criminal offense is directly in issue, and there to require proof excluding reasonable* doubt, as in criminal cases.
*577 We are of opinion, therefore, that the Superior Court in special1, term erred in its instruction to the jury, and that the court in general term erred in affirming the judgment.

Judgments reversed and cause remanded.

Day, C. J., and White, Brinkerhoee, and Scott, JJ., concurred-